**John Apczynski, Defendant in Error, v. Stafonas Butkiewicz, Plaintiff in Error**

**Gen. No. 13,874.**

1. BAILMENTS—*duty of gratuitous bailee for his own benefit.* A gratuitous bailee for his own benefit is bound to the exercise of extraordinary care and is liable for slight negligence.

2. BAILMENTS—*when presumption of negligence arises.* Upon proof of possession in a gratuitous bailee for his own benefit and an injury to the *res*, a presumption of negligence arises.

Action on the case. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed, with finding of facts. Opinion filed April 3, 1908.

**Statement by the Court.** This is a writ of error sued out by the defendant in the Municipal Court to reverse a judgment for $85 recovered by the plaintiff in that court against the defendant for the value of a horse, upon the alleged ground that defendant negligently injured said horse, by reason of which injuries it died. The horse was four years old, weighed about 800 pounds, and was not entirely gentle, although it had been driven for some time. Defendant borrowed the horse of the plaintiff to haul a few loads of coal. At the coal yard, before any coal was put in the wagon, the horse reared up and threw himself. The defendant used the horse to haul three loads of coal a few blocks. The last load weighed about two tons, the other two loads were much lighter. The defendant sent the horse home by plaintiff's father, at three o'clock in the afternoon, and the plaintiff saw the horse when it was brought home. There was no evidence tending to show that any indication that the horse had been injured was observed by anyone while it was away from plaintiff's barn, or that anything unusual in its appearance was noticed until some time that night, when plaintiff found that the horse was sweating profusely and could not eat. He sent for a horse doctor, who came and treated the horse, but it died the next day.

LAMBORN & GUERNSEY, for plaintiff in error.

JAMES J. O'TOOLE, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Defendant was a gratuitous bailee of the horse for his own benefit, and therefore bound to the use of extraordinary care, and liable for slight negligence. The plaintiff was only bound to show that the horse was injured while in the possession of the defendant, for if it was injured while in his possession the law presumes negligence and casts upon the defendant the

burden to show that he exercised proper care. It is immaterial that the keeper of the coal yard and the father of the plaintiff drove the horse at defendant's request, or that he sent the horse home by plaintiff's father. The horse must be regarded as in the possession of the defendant from the time it was taken from plaintiff's stable until it was returned, and when defendant permitted others to drive or take charge of the horse for him, he was bound to see that they exercised the same care that he was bound to exercise.

The precise question presented, then, is: Could the jury, from the fact that the horse fell sick some hours after it was returned to the plaintiff, and died shortly thereafter, properly find that the horse was injured while in defendant's possession, and that such sickness and death was caused by, or was the result of such injury?

The fact that the horse threw itself must be disregarded, because it clearly appears that this occurred without any negligence on the part of its driver, who was on his seat with the lines in his hand when it occurred.

The only other fact relied upon to show that the horse was injured while in defendant's possession was the hauling of two tons of coal at one load. If it be conceded that the jury might, without any evidence upon the subject, find that this was too heavy a load for a horse of the weight and age of the horse of the plaintiff, the question still remains whether from that fact, taken in connection with the other evidence in the record, they could properly find that by such overloading the horse was injured.

There is no evidence tending to show either the nature or the cause of the horse's sickness, nor evidence that making him pull a load of two tons was competent to cause or would tend to cause or bring on such sickness. Horses fall sick and die of diseases brought on by other causes than injuries. From the fact that the horse was found to be sick some hours

after its return to the plaintiff's stable and shortly afterwards died, the jury could not, we think, find as a fact that it was injured while in the possession of the defendant.

We find in the record no evidence to warrant a finding that the sickness and death of plaintiff's horse was caused by any negligence of the defendant, and the judgment will therefore be reversed with a finding of facts, but the cause will not be remanded.

*Reversed, with finding of facts.*